## THE NATIONAL COAL COMPANY v. POTTS.

*Trial—Whether parts of machinery—Under Section 1027, General Code—Are shafting or not—Question of law for court—Finding by jury reversible error, when.*

1. Whether certain parts of machinery are shafting within the provisions of Section 1027, General Code, there being no conflict in the testimony as to the character, appearance and operation of such parts, is not a question for the jury but a question of law for the court.

2. It is reversible error for the jury to find that such parts of machinery are shafting within the provisions of Section 1027, General Code, and to return a verdict in part thereon in favor of the plaintiff in a case charging negligence in respect to the same.

(Decided January 26, 1914.)

ERROR: Court of Appeals for Guernsey county.

NORRIS, J.; METCALFE and POLLOCK, JJ., concurring.

This is an error proceeding to reverse a judgment for damages rendered in a personal injury case. The defendant in error, Earl L. Potts, in his petition in the court of common pleas, after alleging the corporate organization of the plaintiff in error, hereinafter called the coal company, alleges further that on the 27th day of April, 1909, he was in the employ of the coal company operating an engine used for the purpose of driving a fan in connection with a coal mine. He further alleges that in the "operation of said machinery the piston rod, the same being about twenty-seven inches long, was fastened at its east end with an iron connect-

ing rod about three feet long, which in turn was
connected at its east end with an iron crank about
fifteen inches long, the other end whereof was fast-
ened to the south end of said fan shaft and on the
same, so fastened together, was a shaft operating
horizontally near the floor to drive said fan shaft
and the fan, and was a part of said engine and an
appliance thereof; that when the engine was in op-
eration the movement of the piston rod forward
and backward, which in turn drove said crank,
caused the crank to move in a revolving manner
in a circle having the end of the fan shaft for its
center, all the same together in this manner operat-
ing horizontally near the floor, as heretofore alleged,
and all of which in operation revolved said fan
shaft and the fan attached to the north end thereof;
that in operation the said shaft, consisting of said
piston rod, connecting rod and crank, moved in a
line parallel with and only about one-quarter of an
inch south of the south side of the foundation, and
the end of the crank whereto the iron connecting
rod was attached, at the farthest point east to which
it was driven in operation, went beyond the south-
east corner of the piece of iron resting crosswise
on the foundation at the east end about thirteen
inches, and went beyond the east edge of the foun-
dation about three inches, and at its farthest point
downwards went below the south end of the cross
piece of iron and the top of the foundation about
eleven inches."

He further alleges that the said machine and its
appliances were in a defective condition in the fol-
lowing respects:   Said revolving fan shaft and the

piece of iron whereon its bearings rested were set so near the east edge of the foundation that the crank in its revolution passed beyond the southeast corner of said piece of iron about thirteen inches, and passed beyond the east edge of the foundation about three inches; that the fan shaft extended beyond the south line of the foundation but three inches, because whereof said shaft, consisting of said piston rod, connecting rod and crank, worked on a line within one-quarter of an inch of the south line of the foundation and south thereof; that the fan shaft and its bearings lay within six inches of the top of the foundation, by reason whereof the crank in its revolution went beyond the level of the top of the foundation; that the condition of the machine was further defective in these several respects, to-wit: "Said shaft consisting of said piston rod, connecting rod and crank fastened together and operating, as hereinbefore alleged, horizontally near the floor of the building, and not cased or boxed, said crank was too long and in revolution described a circle about thirty inches in diameter and passed beyond the southeast corner of said piece of iron whereon the shaft rested, and beyond the east edge of the foundation and passed below the level of the top of the foundation, and in operation was liable to jerk anything coming in contact with it down between it and the foundation."

While greasing said machinery plaintiff says that in the exercise of due care some of the rags in his hand caught in the said crank, which suddenly jerked his right hand down between the south end

of a piece of iron lying crosswise and said crank as it descended in its motion, injuring his hand by crushing and cutting off the first three fingers thereof.

The defendant, for answer, denies all charges of negligence and alleges that plaintiff's injuries were caused by his own negligence. The case was tried to a jury, which returned a verdict in favor of the plaintiff for $2,200, and also, at the request of defendant, returned the following special verdicts:

"Special verdict No. 1. Do you find that said piston rod and connecting rod and crank fastened together was a shaft or shafting? Answer. Shafting.

"Special verdict No. 2. If you find by your general verdict in favor of the plaintiff, state whether or not you find in favor of plaintiff upon all or part of the negligence alleged in plaintiff's amended petition? Answer. Part.

"If your answer to above question is that you find for plaintiff upon part of the negligence alleged in his amended petition, then state which negligence or negligences you so find in his favor, and also state whether you find that operating alone or together plaintiff's injuries were caused thereby. Answer. Deficient in construction of foundation and lack of boxing or casing of shafting together."

The first error alleged is that the special verdict No. 1, as submitted by counsel for defendant to the court, did not contain the words "or shafting" at the end thereof, and that the court committed error in adding those words to the special verdict.

Without discussing the question as to the right

of the court to amend a special verdict, we think the addition of the words "or shafting" were in nowise prejudicial to the defendant.

It is now urged that whether or not this engine piston rod and the connecting rod and crank which turned the shaft were "shafting," was a question of law for the determination of the court and not a question for the jury, and that the court erred in submitting it to the jury. This question was submitted to the jury at the request of defendant, and if it was error defendant cannot now complain. But this still leaves the question as to what it was and whether or not the finding of the jury upon that question was manifestly against the weight of the evidence. It may be said at the start that there was no conflict in the evidence as to the description of the piston rod, connecting rod and crank. Photographs of these appliances were brought into the record showing views of them from different standpoints, and there is no controversy as to how they operated.

The question arises under Section 4364-89c, Revised Statutes, which section is now incorporated in Section 1027, General Code, the latter, in part, reading as follows:

"The owners and operators of shops and factories shall make suitable provisions to prevent injury to persons who use or come in contact with machinery therein or any part thereof as follows:

"1.   They shall case or box all shafting operating horizontally near floors, or perpendicularly or otherwise between, from or through floors or traversing near floors, or when operating near a passage-way or directly over the heads of employes."

Now, is the definition or meaning of the word "shafting," as used in that section and applied to machinery, a question of fact for the jury or a question of law for the court? And, whichever it is, do the piston rod of an engine, the crosshead, connecting rod and crank come within the provisions of that statute? There being no dispute as to the exact character of these appliances, we think it was clearly a question of law for the court to determine whether or not these pieces of machinery, taken together, came within the provisions of that statute. *Pennsylvania Co.* v. *Rathgeb,* 32 Ohio St., 66; *L. S. & M. S. Ry. Co.* v. *Lüdtke,* 69 Ohio St., 384; *Cincinnati Gas & Electric Co.* v. *Archdeacon, Admr.,* 80 Ohio St., 27. Now, the ordinary meaning is to be given to words used in the statute. *Slingluff et al.* v. *Weaver et al.,* 66 Ohio St., 621; *Smith Bridge Co.* v. *Bowman,* 41 Ohio St., 37; *Tyler's Exrs.* v. *Winslow,* 15 Ohio St., 364.

Two witnesses, who were engineers, both called by plaintiff, testify in substance that these appliances referred to were not generally understood to be or called "shafting." We do not think any definition can be found of the word "shafting" which would include a piston rod of an engine and the connecting rod and crank. We do not think they are ever called shafting by people who describe machinery, but again, as stated in *Rhodes* v. *Weldy,* 46 Ohio St., 234, reading from the syllabus: "Where the same word or phrase is used more than once in the same act in relation to the same subject-matter, and looking to the same general purpose, if in one connection its meaning is clear and in another it is otherwise doubtful or obscure,

it is in the latter case to receive the same construction as in the former, unless there is something in the connection in which it is employed, plainly calling for a different construction."

Now, in subdivision 3 of this same section, Section 1027, General' Code (Section 4364-89*c,* Revised Statutes), we find the word "shafting" used as follows: "They .shall cover, cut off or countersink keys, bolts, set-screws and all parts of wheels, shafting or other revolving machinery projecting unevenly beyond the surface of such revolving machinery."

Clearly the legislature,· in the use of the word "shafting" in that section, used it as it is generally understood, as a revolving shaft connecting the power to machinery, and did not use it in the sense of a piston rod and connecting rod.

To the same effect is *Raymond* v. *Cleveland,* 42 Ohio St., 522, and *Norris* v. *State,* 25 Ohio St., 217. So that it follows that we find as a matter of law that the piston rod, connecting rod and crank were not shafting within the meaning of that statute, and that the special finding of the jury is manifestly wrong. It follows from that, that inasmuch as the jury found or based their verdict in part because of lack of boxing or casing of shafting, their verdict is manifestly against the evidence.

The judgment of the court of common pleas will be reversed and the cause remanded for a new trial.

*Judgment reversed, and cause remanded.*

*Mr. Charles S. Turnbaugh,* for plaintiff in error.
*Mr. J. H. Mackey,* for defendant in error.